### 40653. COTTON STATES MUTUAL INSURANCE COMPANY v. TORRANCE.

PANNELL, Judge. 1. Courts do not generally favor forfeitures and this rule is applicable to insurance contracts. *Life Ins. Co. of Va. v. Williams*, 48 Ga. App. 10, 13 (1) (172 SE 101); *Prudential Ins. Co. v. Calloway*, 54 Ga. App. 863 (189 SE 545); *Metropolitan Life Ins. Co. v. Benton*, 56 Ga. App. 298 (192 SE 520); *Aetna Ins. Co. v. Lipsitz*, 130 Ga. 170, 175 (2) (60 SE 531, 14 AC 1070); 45 CJS 150, Insurance, § 473 (1). "While forfeitures are not favored, they are not altogether prohibited in this State. *Code* §§ 37-216; 85-901—85-906; *Equitable Loan &c. Co. v. Waring* [117 Ga. 599]; *Thompson v. Hart*, 133 Ga. 540 (66 SE 270); *Self v. Billings*, 139 Ga. 400, 403 (77 SE 562)." *Golden v. National Life &c. Ins. Co.*, 189 Ga. 79, 90 (5 SE2d 198, 125 ALR 838). "While forfeitures are not unlawful, the law does not favor them, and all ambiguities in a contract are to be resolved against their existence; but where a contract in unmistakable terms provides for a forfeiture and is otherwise free from legal infirmity, neither a court of law nor a court of equity will relieve against the forfeiture." *Equitable Loan &c. Co. v. Waring*, 117 Ga. 599 (8) (44 SE 320, 62 LRA 93, 97 ASR 177).

2. Where by the terms of the policy of insurance sued on the

company agreed "to pay all sums which the insured . . . shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury . . . sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile," and where such coverage is expressly declared in the policy to be subject to an "exclusion" that it would not apply with respect to any case where the insured or the person entitled to payment thereunder should "make any settlement with or prosecute to judgment any action against any person or organization who may be legally liable therefor," and also provides that "In the event of payment to any person under this part: (a) the company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made; . . . (c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights; . . ," such language must be given effect. Bew v. Travelers Ins. Co., 95 N. J. L. 533 (112 A 859, 14 ALR 983).

While, strictly speaking, no exclusion is involved under the above terms of the policy, but rather, a forfeiture of rights by conduct of the insured after liability might have attached under the terms of the policy, the insurer is entitled to contract to protect its rights against the uninsured motorist in the event of payment under the policy and to provide for a forfeiture in the event of violation by the insured. See, Kirouac v. Healey, 104 N.H. 157 (181 A2d 634). Any settlement made or judgment secured by the insured, without the consent of the insurer, limits this right and can possibly indirectly increase the risk by limiting the recovery over against the uninsured motorist to a sum less than that paid out under the policy. The fact that the judgment against the uninsured motorist in the present case is an amount equal to the limits of the policy sued upon would not affect the validity of the provision. See, in this connection, *Universal Credit Co. v. Service Fire Ins. Co.,* 69 Ga. App. 357 (25 SE2d 526); *Service Fire Ins. Co. v. Powell,* 70 Ga. App. 213 (27 SE2d 896); *Clark v. American Cas. Co.,* 96 Ga. App. 328 (99 SE2d 897). In the last case, recovery was permitted against the insured after he

6

had collected under the policy, when he breached similar covenants contained in the loan receipt executed by him at the time of payment.

3. Where the petition seeking a recovery under such coverage on account of bodily injuries sustained by the plaintiff while riding in the insured automobile when it was involved in a collision with an uninsured motor vehicle alleged that suit had been filed by the plaintiff against the uninsured motorist without the consent of the defendant insurance company, that a verdict and judgment in favor of the plaintiff has been rendered thereon, a fi. fa. issued and a return of nulla bona made on the fi. fa., the petition affirmatively showed that the plaintiff had forfeited her right to recover from the defendant insurance company under such coverage, and the trial court erred in overruling the general demurrer thereto.

4. The contract of insurance here involved was entered into and the collision upon which the suit was based occurred prior to the enactment of the Act approved April 12, 1963 (Ga. L. 1963, pp. 588, 592), adding a new Code § 56-407 A (i), and such Act does not apply.

5. Having held that the petition sets forth no cause of action for the reason that the insured's rights under the policy for a recovery in this particular instance have been forfeited, other questions on general demurrer dependent upon the assumption that these rights exist are moot and no decision on these questions is required or proper.

*Judgment reversed. Felton, C. J., and Frankum, J., concur.*

DECIDED JUNE 19, 1964—REHEARING DENIED JUNE 26, 1964.

*Martin, Snow, Grant & Napier, Cubbedge Snow, Jr.,* for plaintiff in error.

*Adams, O'Neal, Steele, Thornton & Hemingway, John D. Hemingway, Richard B. Thornton, H. T. O'Neal, Jr.,* contra.