41568.   STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. GIRTMAN.

ARGUED OCTOBER 6, 1965—DECIDED JANUARY 21, 1966—
REHEARING DENIED JANUARY 31, 1966.

*Memory, Barnes & Memory, S. F. Memory,* for appellant.

*George E. Maddox,* for appellee.

FRANKUM, Judge. This is a suit to recover from the plaintiff's insurer on account of loss allegedly sustained as a result of the negligence of an uninsured motorist whose identity the petition shows was known to the plaintiff. The petition and the exhibit attached thereto show that such uninsured motorist coverage as was provided was afforded by reason of the requirements of statutory law as embodied in Ga. L. 1963, p. 588, et seq., as amended by Ga. L. 1964, p. 306, et seq.; *Code* § 56-407A. This is so, because the policy sued on and alleged by the petition to have been in force and effect on May 31, 1964, the date of the occurrence giving rise to the cause of action, did not contain any express agreement for uninsured motorist coverage. The sole question presented by the enumeration of errors and urged in the brief of appellant is whether or not it is essential as a condition precedent to bringing suit against the insurer under such coverage that suit must first be brought and judgment recovered against the known uninsured motorist.

A decision of this question requires a construction of the provisions of the Uninsured Motorist Act. The pertinent portions of *Code* § 56-407A (a), as re-enacted by the 1964 Act, provide that no policy or contract of bodily injury liability insurance or of property damage liability insurance covering liability arising from the ownership, maintenance or use of any motor vehicle shall be issued or delivered in this State to the owner of such vehicle "unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle" subject to the limit of $10,000 because of bodily injury to or death of one person in any one accident,

and to a limit of $20,000 because of bodily injury to or death of two or more persons in any one accident, and to a limit of $5,000 because of injury to or destruction of property in any one accident. The law contains no express provision requiring the bringing of a suit against the uninsured motorist as a condition precedent to a suit on the policy. It does provide in subsection (e) of *Code* § 56-407A that any insurer paying a claim under the provisions of subsection (a) shall be subrogated to the rights of the insured to whom such claim is paid against the person causing the injury, death or damage to the extent of the payment. This subsection further provides that the bringing of an action against the unknown owner or operator (treated for the purposes of the Act as a species of uninsured motorist) as John Doe, or the conclusion of such an action, shall not constitute a bar to the insured later bringing suit or joining therein the owner or operator when his identity becomes known, and subsection (d) provides for service of process on such unknown owner or operator and for service upon the insurance company as though it were a party defendant, with the right granted therein to the insurance company to file pleadings and take other action allowable by law in the name of John Doe. This same subsection further provides that where the owner of the vehicle causing the damages or injury is known, service shall be made on the insurance company issuing the policy "as though such insurance company were a party defendant." Notwithstanding these provisions, nothing contained in subsection (d) expressly *requires* the bringing of a suit against the uninsured motorist, known or unknown, as a condition precedent to bringing an action against the insurance company, and if such a requirement was intended, it must be drawn from other provisions of the law.

The cardinal rule of the construction of statutes is to ascertain the intent of the lawmaking body. *Georgia Power Co. v. Musgrove,* 77 Ga. App. 880, 884 (50 SE2d 118). Such intent must be ascertained from the language of the Act itself or from its language and others upon the same subject matter. *Mayor &c. of Butler v. Hortman,* 70 Ga. App. 848, 851 (29 SE2d 811); *Oxford v. Carter,* 216 Ga. 821, 825 (120 SE2d 298). No other

Act relating to insurance against uninsured motorists has been called to our attention, however, and we are therefore relegated to the language of the Act as embodied in *Code* § 56-407A to ascertain the legislative intent. While this language is not wholly clear, it furnishes a sufficient key to the meaning and intent of the General Assembly to enable this court to declare it. Subsection (a) of that Code section, as previously quoted, requires that the insurance company afford coverage against any loss sustained by the insured as the result of an accident involving an uninsured automobile, which loss the insured *"shall be legally entitled to recover* as damages from the owner or operator" thereof. (Emphasis supplied.) This language cannot be construed other than as imposing upon the insured's insurer the duty of assuming the position of an insurer of the uninsured motorist's legal liability as respects the claim of the plaintiff insured against such uninsured motorist. We deem the language quoted as equivalent to a requirement that the defendant insurer pay such sums as such uninsured motorist would be legally liable to pay to its insured up to the limits required by the statute.

Legal liability means, with respect to insurance contracts, a liability which the courts of justice will enforce as between parties litigant. Abbott v. Aetna Cas. &c. Co. (D.C. Maryland) 42 FSupp. 793, 806; Globe & Republic Ins. Co. v. Independent Trucking Co., (Okl.) 387 P2d 644, 646. Substantially to the same effect see the ruling of the Supreme Court in *Arnold v. Walton,* 205 Ga. 606, 611 (54 SE2d 424). It is fundamental that the legal liability of one person to another can be ascertained only in an action brought against such person by the other in a court of competent jurisdiction. *Code* § 110-501. No mere action against the insurance company to which the known uninsured motorist is not a party and in which he could not be made a party (*Arnold v. Walton,* supra) could adjudicate this question so as to affect the legal liability of the uninsured motorist to the insured.

Our conclusion in this regard is further strengthened by the provisions of the Act which grant to the insurance company the right to be subrogated to the rights of its insured against such

58

uninsured motorist after it has paid a claim arising under this law. If the contention of the appellee that the legal liability of the uninsured motorist to her could be adjudicated in this action should be upheld, then the long-standing principles respecting the conclusiveness of judgments, that is, that judgments shall be conclusive and binding only as between the parties and their privies, would have to be violated, or else the right granted to the insurance company by the law, to be subrogated to the claim of its insured against such uninsured motorist, would be rendered ineffectual since the insurance company would be subjected to the risk of having to relitigate the issue of the uninsured's liability before the same or a different tribunal under different circumstances with the attendant risk of a different conclusion as to the liability of the uninsured motorist being reached. We will not attribute to the legislature an intent to reach such an illogical or unjust result.

We, therefore, conclude that it was the intent of the legislature that the legal liability of a known uninsured motorist to the insured should be ascertained in an appropriate forum before the bringing of a suit against the insurance company under such coverage. This conclusion works no great hardship on the insured because, once a judgment has been obtained against the uninsured motorist, it would only be necessary to show that fact and to show the existence of coverage by the insurance company to entitle the insured to a judgment against the company. The petition in this case failed to show that suit had been brought against the uninsured motorist, or that a judgment had been recovered, and it was therefore, subject to general demurrer. The court erred in overruling the defendant's general demurrer to the plaintiff's petition.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*