41957. SMITH v. ALLSTATE INSURANCE COMPANY.

Argued April 4, 1966—Decided June 29, 1966—
Rehearing denied July 19, 1966—

128

*Marson G. Dunaway, Jr.*, for appellant.

*Matthews, Maddox, Walton & Smith, W. E. Davidson, Jr.*, for appellee.

BELL, Presiding Judge. Before a suit will lie against an insurer for loss caused by a known uninsured motorist under *Code* § 56-407A (*Code Ann.* § 56-407.1), it is an essential condition precedent that suit must first be brought and judgment recovered against the uninsured motorist. *State Farm Mut. Auto. Ins. Co. v. Girtman*, 113 Ga. App. 54 (147 SE2d 364) ; *Turner v. Associated Indem. Corp.*, 113 Ga. App. 225 (147 SE2d 788). In other words, the insured has no cause of action against the insurer before the insured has obtained judgment against the known uninsured motorist; when he has obtained judgment against the known uninsured motorist, then, and only then, his cause of action against the insurer becomes complete.

The petition in the former case affirmatively showed that at the time of bringing the action the plaintiff had not obtained

judgment against the uninsured motorist. Thus, the petition in that case alleged no cause of action against the insurer and further, disclosed that the plaintiff could not have alleged a good cause of action against it in that case by way of amendment. The petition in this case affirmatively shows that subsequently to bringing the former suit plaintiff obtained judgment against the uninsured motorist. Thus, the present petition shows that in the interval between the filing of the two cases a new material fact has come into existence; there has occurred a new event which would alter the legal rights or relations of the litigants.

"A dismissal of a declaration on a general demurrer thereto will bar a second declaration for the same cause of action, though it contains additional allegations, *if they could have, by way of amendment, been incorporated in the first.*" *Greene v. Central of Ga. R. Co.*, 112 Ga. 859, 861 (38 SE 360). But it is "the general rule that a former judgment binds only as to the facts in issue and events existing at the time of such judgment, and does not prevent a re-examination even of the same questions between the same parties, *if in the interval the material facts have so changed or such new events have occurred as to alter the legal rights or relations of the litigants.*" *Durham v. Crawford,* 196 Ga. 381, 387 (26 SE2d 778). See *Atlantic Coast Line R. Co. v. Tifton Produce Co.,* 56 Ga. App. 776, 779 (194 SE 72).

*Northern Assurance Co. v. Almand,* 210 Ga. 243, 246 (78 SE2d 788) is not applicable here. That case held that the sustaining of a general demurrer on the ground that the petition set out no cause of action was a decision on the merits of the case and was res judicata where there was an identity of cause of action in both cases. Here the holding is that there is no identity in the cause of action alleged in the first petition with that asserted in the second, and therefore, the former adjudication does not amount to a decision on the merits of the second case.

The trial court erred in granting defendant's motion for summary judgment.

*Judgment reversed. Jordan and Eberhardt, JJ., concur.*