42417, 42418. GULF AMERICAN FIRE & CASUALTY
            COMPANY v. McNEAL; and vice versa.
42419, 42420. GULF AMERICAN FIRE & CASUALTY
COMPANY v. McNEAL, by Next Friend; and vice versa.

Argued November 9, 1966—Decided February 24, 1967.

288

*Martin, Snow, Grant & Napier, George C. Grant, Hendley V. Napier,* for appellant.

*G. L. Dickens, Jr.,* for appellees.

BELL, Presiding Judge. These cases were originally carried to the Supreme Court of Georgia, which transferred them to this court, holding that plaintiffs' prayers seeking equitable relief were surplusage as it did not appear from the petitions that the legal relief sought was not full and complete. *Gulf American Fire &c. Co. v. McNeal,* 222 Ga. 454 (150 SE2d 685).

■ Plaintiffs' petitions stated causes of action for declaratory

■

judgment. Thus the trial court did not err in overruling defendant's demurrers 1 through 5 in both cases. (See Division 6 of this opinion.)

■ *Code* § 56-407A (a) (*Code Ann.* § 56-407.1 (a)) provides: "No automobile liability *policy* . . . shall be issued or delivered in this state to the owner of such vehicle, or shall be issued or delivered by any insurer licensed in this State, upon any motor vehicle then principally garaged or principally used in this state, unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle. . ." The insurer contends that since the original policy was issued prior to the effective date of the Act, the Act is not applicable here. So far as the coverage on Car No. 3 is concerned, we cannot agree with this argument. " 'Policy' means the written contract of or written agreement for or *effecting insurance,* and includes all clauses, riders, endorsements and papers attached or issued and delivered for attachment thereto and a part thereof." *Code Ann.* § 56-2402. The words of the Code section "effecting insurance" have special significance in this case. While the issuance of an endorsement may not in every case constitute the issuance of a policy, nevertheless in this case the "endorsement," together with the original policy, *effected* insurance as to Car No. 3. Under the Code definition of "policy," issuance of the endorsement here constituted issuance of a policy. Thus the insurance coverage on Car No. 3 is subject to provisions of the Act of 1964 (*Code* § 56-407A).

(Note that under the Constitutional prohibition against impairing the obligation of contracts, the 1964 Act did not and could not affect the pre-existing insurance coverage as to Car No. 1 and Car No. 2.)

The trial court did not err in sustaining plaintiffs' demurrers 2 and 6 to defendant's answer in both cases.

■ "The [uninsured motorists] coverage applies not only to the owner of an insured automobile but to his spouse and relatives of either if they live in his household. It covers them while

riding in the insured car, in any other automobile or while pedestrians if the injury is caused by an uninsured motorist." Mitchell on Insurance (1965 Ed.) § 120-102, p. 703.

Unless the uninsured motorists coverage is rejected by the insured, *Code* § 56-407A broadly requires that policies contain provisions "undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle. . .." The Act does not restrict coverage only to instances where the "insured automobile" is involved. Thus an insured person is covered whether or not he is occupying the "insured automobile."

As defined in *Code* § 56-407A (b) "insured persons" can be grouped in two classes:

(1) "The named insured and, while resident of the same household, the spouse of any such named insured, and relatives of either, *while in a motor vehicle or otherwise";*

(2) "Any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies, and a guest in such motor vehicle to which the policy applies."

The latter class are insured persons under *Code* § 56-407A only when the "insured automobile" is involved. The former class are insured persons even where the "insured automobile" is not in any way involved in the insured's injuries.

The obvious effect of *Code* § 56-407A (b) is to furnish coverage as to plaintiffs while they were riding in Car No. 2, although it was not an "insured automobile" under the uninsured motorists coverage.

Even if *Code* § 56-407A were not applicable here, we would reach the same result under the policy provisions, according to which the "named insured" and any "relative of the named insured who is a resident of the same household" had uninsured motorists coverage whether or not occupying the insured automobile. The effect of the restriction contained in the endorsement limiting the uninsured motorists coverage to "Car #3 only" was merely to exclude Car No. 1 and Car No. 2 from the policy definition of "insured automobile" under the uninsured motorists

coverage, so that this coverage would be afforded to *other persons* only while occupying Car No. 3.

The trial court did not err in sustaining plaintiffs' demurrers 1 and 5 to defendant's answer in both cases. The court did not err in granting summary judgments declaring that the policy afforded uninsured motorists coverage with respect to plaintiffs' alleged injuries.

■ ■ *Code* § 56-407A (f) (*Code Ann.* § 56-407.1 (f)) provides: "No such indorsement or provisions shall contain a provision requiring arbitration of any claim arising under any such endorsement or provisions, nor may anything be required of the insured, subject to the other provisions of the policy or contract, except the establishment of legal liability, nor shall the insured be restricted or prevented, in any manner, from employing legal counsel or instituting legal proceedings." Existing and valid statutory provisions enter into and form a part of all contracts of insurance to which the statute is applicable, and in case of conflict between the policy and the statutory provisions the latter control. *Nelson v. Southern Guaranty Ins. Co.*, 221 Ga. 804, 807 (147 SE2d 424). The policy provisions requiring agreement or arbitration as to claims arising under the uninsured motorists coverage are repugnant to *Code* § 56-407A (f), and the trial court did not err in declaring them void. For the same reason the court did not err in sustaining plaintiffs' demurrer 3 to defendant's answer in both cases.

■ The policy provision for forfeiture of the uninsured motorists coverage if the insured should, without written consent of the insurer, settle with or prosecute to judgment any action against the tortfeasor, is also repugnant to *Code* § 56-407A (f). In *Cotton States Mut. Ins. Co. v. Torrance,* 110 Ga. App. 4 (2) (137 SE2d 551), this court held a similar policy provision binding on the insured. However, *Torrance* is distinguishable from this case in that *Code* § 56-407A, applicable in this case, was not applicable in *Torrance*. The trial court correctly declared this provision void.

■ ■ Before suit can be brought against the insurer to recover benefits under this kind of coverage, it is a condition precedent

that suit must first be brought and judgment recovered against the known uninsured motorist. *State Farm Mut. Auto. Ins. Co. v. Girtman,* 113 Ga. App. 54, 58 (147 SE2d 364); *Turner v. Associated Indem. Corp.,* 113 Ga. App. 225 (147 SE2d 788); *Smith v. Allstate Ins. Co.,* 114 Ga. App. 127, 128 (150 SE2d 354). The court erred in overruling defendant's demurrers 6 and 7 in both cases.

■ The court did not err in granting summary judgments declaring that plaintiffs could not in these actions recover against the insurer benefits provided by the policy or penalties for bad faith and attorney's fees.

■ Defendant contends that the petitions fail to state causes of action for declaratory judgment because no facts or circumstances are alleged which show that an adjudication of plaintiffs' rights is necessary in order to relieve plaintiffs from the risk of taking future undirected action, citing *Rowan v. Herring,* 214 Ga. 370, 374 (105 SE2d 29); *Pinkard v. Mendel,* 216 Ga. 487, 490 (2) (117 SE2d 336); *Allen Publications v. Ga. Assn. of Petroleum Retailers,* 219 Ga. 665, 671 (135 SE2d 330). This argument is without merit. The petitions showed that plaintiffs contend that the policy in question provided coverage subject to *Code* § 56-407A. While plaintiffs also contend that they are entitled to recover against the insurer in these actions, nevertheless the applicable law, if the policy provided coverage subject to *Code* § 56-407A, is that plaintiffs must first recover against the known uninsured motorist before they can recover against the insurer. (See Division 5 of this opinion.) Plaintiffs also showed that the policy contains a provision for forfeiture of the uninsured motorists coverage if the insured should, without written consent of the insurer, settle with or prosecute to judgment any action against any person who might be liable for the insured's injuries. Assuming that *Code* § 56-407A were not applicable, then the forfeiture provision would be binding. (See Division 4 (b) of this opinion.) Had plaintiffs been wrong in their contention that *Code* § 56-407A is applicable and had they recovered judgment against the uninsured motorist, then this would have precluded recovery against the insurer,

under *Cotton States Mut. Ins. Co. v. Torrance,* 110 Ga. App. 4, supra. Plaintiffs did not allege as a conclusion that they were in a position of uncertainty and insecurity, nor is it necessary to have done so. All that is required is that plaintiffs allege *facts* which show that plaintiffs are in this position. The facts alleged in these cases clearly showed that plaintiffs were subject to the risk of taking undirected action, and therefore these cases are within the purview of Sec. 1 (b) of the Declaratory Judgments Act (Ga. L. 1945, p. 137; *Code Ann.* § 110-1101 (b)).

■ The court did not err in sustaining in both cases plaintiffs' demurrer 4 attacking a portion of defendant's answers alleging a conclusion of law. *Ozmore v. Coram,* 133 Ga. 250 (2) (65 SE 448).

■ The court erred in declaring in Subparagraph 5 of Paragraph I of the summary judgments: "That defendant is obligated by the terms of said policy to pay plaintiff all sums up to but not exceeding $10,000.00 which plaintiff is legally entitled to recover as damages from Elton Austin because of the bodily injuries sustained by plaintiff, caused by said collision." This declaration failed to take into consideration pertinent language of *Code* § 56-407A. (a), which prescribes "limits exclusive of interest and costs which shall be no less than ten thousand dollars because of bodily injury to or death of one person in any one accident, and, subject to such limit for one person, twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident." There were three persons riding in the McNeal vehicle, and more than one claim could have arisen on account of injuries to any one of these persons. See *State Farm Mut. Auto. Ins. Co. v. Hodges,* 221 Ga. 355 (144 SE2d 723). The policy in question did not provide limits of coverage in excess of those required by *Code* § 56-407A (a).

■ If the trial court erred in directing the clerk of court, on behalf of defendant, to give written consent to plaintiffs "to institute and prosecute to judgment any and all actions which may be appropriate against any and all persons or organizations who may be legally liable," this error was harmless because

it had merely the same effect as the trial court's declaration, discussed in Division 4 (b) of this opinion, that the forfeiture provision of the policy was invalid. *Gulf American Fire &c. Co. v. McNeal*, 222 Ga. 454, supra.

The judgments of the trial court discussed in Divisions 5 (a) and 8 of this opinion are reversed on the main appeals. In all other respects the judgments of the trial court are affirmed on the main appeals. The judgments are affirmed on the cross appeals.

*Judgments reversed in part; affirmed in part on the main appeals. Judgments affirmed on the cross appeals. Jordan and Eberhardt, JJ., concur.*