43242. KING v. STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY.

Argued January 4, 1968—Decided January 25, 1968—
Rehearing denied February 9, 1968—Cert.

*Kravitch & Hendrix, John W. Hendrix, Lionel E. Drew, Jr.,*
for appellant.

*Hitch, Miller, Beckmann & Simpson, Luhr G. C. Beckmann,
Jr.,* for appellee.

Quillian, Judge. ■ The primary question for determination

in this case is whether it is a condition precedent to an action against an automobile liability insurance carrier under the provisions of *Code* § 56-407A (Ga. L. 1963, p. 588, as last amended by Ga. L. 1967, pp. 463, 464) on account of injuries and damages to the plaintiff resulting from the negligence of an unknown uninsured motorist, that suit shall have been brought and judgment entered against the unknown uninsured motorist.

In *State Farm Mut. Auto. Ins. Co. v. Girtman,* 113 Ga. App. 54 (147 SE2d 364) the above question was answered in the affirmative, in regard to a known uninsured motorist. *Code* § 56-407A (d) provides in part: "If either the owner or operator of any vehicle causing injury or damages be unknown, an action may be instituted against the unknown defendant as 'John Doe' . . ."; and further provides for service upon the insurance company as though it were a party defendant. The appellant contends that the statute makes a distinction in a case involving a known and unknown uninsured motorist and that the provision of the above quoted statute is "a permissive remedy only." With this contention we cannot agree.

Since it is necessary for the insured to bring suit and obtain a judgment against the uninsured motorist to recover under the provisions of *Code* § 56-407A, we can only construe *Code* § 56-407A (d) as providing a method by which the insured may comply with this condition precedent for recovery under the uninsured provisions of the automobile liability insurance policy, when the uninsured motorist is unknown. In construing a statute this court is bound to give it an interpretation which will not render its provisions meaningless or futile. *Central R. Co. v. State,* 104 Ga. 831, 839 (31 SE 531); *Scott v. Mayor &c. of Mount Airy,* 186 Ga. 652, 653-654 (198 SE 693). Following this mandate, the statute can be given no different construction than what we give it now. Any other construction would render the statute futile because there could be no logical reason to obtain a judgment, which obviously would be of no value, against John Doe (the unknown uninsured motorist).

■ The petition also alleged: that the appellee paid the appellant for the damages to his truck which resulted from the collision; that appellee's agent "represented to him that at the

proper and appropriate time plaintiff would be compensated in full for his personal injuries resulting from said accident but that notwithstanding these assurances and before any settlement of plaintiff's personal injuries was made, defendant notified him that after further consideration of the facts and circumstances surrounding said accident it concluded that it was not liable to him for his said personal injuries resulting from said accident, that it would not compensate him in any fashion for the same and it terminated all discussions and conferences with plaintiff." Counsel for appellant argues that "the action by the carrier in reversing its previous position with regard to his loss and refusing to compensate him as contemplated by his contract for damages flowing from his personal injuries, constitutes a breach of the contract of insurance by the carrier and entitles the appellant to proceed on an action sounding in contract for a breach thereof, if he so elects."

Assuming, but not deciding, that it would have constituted a breach of contract if the appellant through its agent had first accepted liability under the insurance policy and then subsequently reversed its position, the facts alleged in the case sub judice were not sufficient to constitute a valid contract. The petition states that the agent "represented to him that at the proper and appropriate time plaintiff would be compensated in full for his personal injuries resulting from the accident"; however, there was no allegation as to when would be the proper and appropriate time nor as to what sum would constitute full compensation for the injuries. Therefore, lacking these essential elements the alleged contract was too indefinite to be enforceable. *McCaw Mfg. Co. v. Felder*, 115 Ga. 408, 411 (41 SE 664) ; *Code* § 20-107.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*