263 So.2d 569 (1972)
INTERNATIONAL SALES - RENTALS LEASING CO., a Florida Corporation, and Seaboard Properties, Inc., a Florida Corporation, d/b/a Ocean Reef Club, Petitioners,
v.
Peggy Ann NEARHOOF, a Minor, et al., Respondents.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Petitioner,
v.
Peggy Ann NEARHOOF, a Minor, et al., Respondents.
Nos. 41659, 41654.
Supreme Court of Florida.
June 7, 1972.
Rehearing Denied July 12, 1972.
David L. Willing, of Adams, George & Wood, Miami, for International Sales-Rentals Leasing Co., etc., et al., petitioners.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, Miami, for Government Employees Ins. Co., petitioner.
Daniel V. Ligman, Coral Gables, and James C. Shepherd, Miami, for Peggy Ann Nearhoof, etc., et al., respondents.
Rehearing Denied July 12, 1972. in No. 41654.
ERVIN, Justice.
We consider here two petitions for writs of certiorari to review decision of the District Court of Appeal, Third District, in the consolidated cases of Nearhoof vs. International Sales-Rentals Leasing Company (Case No. 41,659) and Government Employees Insurance Company (GEICO) vs. Nearhoof (Case No. 41,654). See 251 So.2d 717.
Case No. 41,659 involves the question whether F.S. Section 768.041, F.S.A., gives a joint tortfeasor defendant a set-off equal to the amount of the recovery an injured *570 plaintiff receives from the carrier of his uninsured motorist coverage.
Case No. 41,654 involves the question whether a carrier's uninsured motorist subrogation rights provided by statute (Section 627.0851(4), F.S. 1969) extend to a recovery obtained by its insured from a joint tortfeasor.
We answer the question in Case No. 41,659 in the negative and the question in Case No. 41,654 in the affirmative, as hereinafter explained.
Following a serious three-car accident on May 14, 1968, Respondents Nearhoof filed a suit against International Sales-Rentals Leasing Co., petitioner in Case No. 41,659, the owner of one of the vehicles in the collision. They also filed an uninsured motorist claim against their own carrier (Petitioner GEICO, Case No. 41,654) for injuries caused by the negligence of the uninsured driver of the third car. It was the Nearhoofs' contention that their injuries were caused by the negligence of joint tortfeasors.
The uninsured motorist claim was settled for $19,500. The Nearhoofs signed a release and trust agreement containing the statement that:
"[W]e ... agree to hold in trust for the benefit of the Company [GEICO] all rights, claims, and causes of action which [we] have or may have against the person or persons or organization legally responsible in whole or in part for the injuries and damages sustained by the injured arising from this accident."
In reliance upon this agreement, GEICO intervened in the Nearhoofs' action against International. The jury awarded the Nearhoofs $70,500; GEICO moved to recover approximately $19,500 from that judgment. The trial court denied GEICO's motion, saying, "a carrier's uninsured motorist subrogation rights do not extend to a recovery obtained from insured joint tortfeasors, such as the Defendants [International, et al.] in this case." The trial court did, however, grant International a set-off of $19,500 against the $70,500 awarded the Nearhoofs.
The Nearhoofs appealed the set-off and GEICO appealed the denial of its subrogation motion. The District Court of Appeal consolidated the appeals; reversed the trial court's granting of the set-off, and concluded that uninsured motorist coverage is equivalent to a separate contract such as hospitalization insurance so that recovery thereunder may not be set-off from a judgment against a tortfeasor. (This decision is being reviewed in No. 41,659.) The District Court affirmed, however, the trial court's denial of GEICO's subrogation request. (This portion of the DCA decision is being reviewed in No. 41,654.)
We agree with and adopt the view of the District Court of Appeal in Case No. 41,659. However, insofar as concerns the recovery of the Nearhoofs of $70,500 from International Sales-Rentals Leasing Company, a joint tortfeasor in the Nearhoof accident, it is our view that Government Employees Insurance Company is entitled to be subrogated as intervenor to the extent of the amounts it paid the Nearhoofs as their uninsured motorist's carrier. We conclude subrogation in the $70,500 recovery was intended by Section 627.0851(4), F.S. 1969, then in effect, reading as follows:
"(4) In the event of payment to any person under the coverage required by this section and subject to the terms and conditions of such coverage, the insurer making such payments shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer."
*571 In Sellers v. United States Fidelity & Guaranty Co., Fla. 1966, 185 So.2d 689, we construed Section 627.0851(4), saying:
"... Provision is made in the last paragraph (number 4) of § 627.0851 for the insurer providing said coverage and making payment thereunder to the insured, to recover to the extent of such payment from the proceeds of any settlement or judgment which the insured obtains from any person or organization legally responsible for the bodily injury." (Text 690.)
The decision of the District Court is in jurisdictional conflict with the language of the Sellers case quoted just above. The release executed by the Nearhoofs tracks the language of F.S. Section 627.0851(4), F.S.A., and should have been honored. From the proceeds of a settlement or judgment recovered from a tortfeasor less insured's collection costs which may include reasonable attorney's fees, court costs, and other legitimate collection expenses, if any, the uninsured motorist coverage carrier is entitled to be subrogated up to the amount it paid its insured under the uninsured motorist policy. In other words reasonable attorney's fees and other collection costs, if any, paid by the insured plaintiff should first be deducted from the recovery and retained by insured before subrogation of the carrier from the remainder. As we have said several times, beginning with the Sellers case, uninsured motorist protection for bodily injury caused by the negligence of uninsured motorists is statutorily prescribed and the pertinent statutory provisions control to the extent they prescribe the respective rights of the insurer and insured.
We agree with the portion of the District Court's opinion which holds that International Sales-Rentals Leasing Company is not authorized by contract or statute to set-off against the $70,500 judgment obtained by the Nearhoofs, the amounts paid them by GEICO as uninsured motorist insurance. Neither Section 768.041 nor Section 627.0851 authorizes such a set-off of insurance benefits received as result of carrying uninsured motorist coverage in favor of a joint tortfeasor. We agree with the reasoning of the District Court that general principles of law relating to the collateral source rule precludes allowance of such set-off.
Insofar as the decision of the District Court here reviewed conflicts with our opinion, it is quashed and the cause remanded for further proceedings in accordance herewith.
It is so ordered.
ROBERTS, C.J., and CARLTON, BOYD and DEKLE, JJ., concur.