## 26998. UNITED STATES FIDELITY & GUARANTY COMPANY v. LOCKHART.

UNDERCOFLER, Justice. The majority decision of the Court of Appeals in this case (*U. S. Fidel. &c. Co. v. Lockhart,* 124 Ga. App. 810 (186 SE2d 362)) has been reviewed by this court and is affirmed.

*Judgment affirmed. All the Justices concur, except Hawes and Gunter, JJ., who dissent, and Jordan, J., disqualified.*

ARGUED JUNE 13, 1972—DECIDED JUNE 28, 1972.

*Robert E. Whitley,* for appellant.
*Charles L. Weltner,* for appellee.

GUNTER, Justice, dissenting. I disagree with the majority decision of the Court of Appeals in this case, and I would reverse the judgment of the Court of Appeals which affirmed the judgment of the trial court.

The majority decision of the Court of Appeals holds that the requirement of first obtaining judgment against an uninsured motorist, known or unknown, as a condition precedent to recovery against the complainant's insurer providing the uninsured motorist coverage is a requirement for the benefit of the insurer, and such requirement may be waived by the insurer.

I am doubtful that this requirement can be waived at all, and under the facts of this case I am totally convinced that this requirement was not waived by the insurer. The Court of Appeals has held in two cases that our uninsured motorist statute requires the obtaining of a judgment against the tortfeasor, known or unknown, as a condition precedent to obtaining a judgment against the insurer. See *King v. State*

*Farm Mut. Auto. Ins. Co.,* 117 Ga. App. 192 (160 SE2d 230) (1968) and *State Farm Mut. Auto. Ins. Co. v. Girtman,* 113 Ga. App. 54 (147 SE2d 364) (1966).

The Georgia statute, *Code* § 56-407A (d), provides in part: "An action may be instituted against the unknown defendant as 'John Doe.' "

*Code* § 102-103 provides in part as follows: "The following meaning shall be given to the following words in all statutes, unless a different meaning is apparent from the context:. . . *May* ordinarily denotes permission and not command. Where the word as used in a statute concerns the public interest or affects the rights of third persons it will be construed to mean 'must' or 'shall.' "

A different meaning does not appear from the entire context of our uninsured motorist statute, and therefore the word "may" as used in that statute must be interpreted to mean that an action "shall" be brought against the uninsured motorist as "John Doe," if the uninsured motorist is unknown. This interpretation of the statute is in accord with what the Court of Appeals has said in *King v. State Farm* and *State Farm v. Girtman,* supra.

Our statute says, as I interpret it, that a party allegedly damaged "must" obtain judgment against the tortfeasor before he can obtain judgment against the insurer. I am of the opinion that this statutory requirement is not and can not be waived by the insurer, at any time during the period of the statute of limitation, by negotiating with the damaged party with respect to the amount of damages to be paid. It is rather clear to me that if damages occurred on January 1st, the insurer on February 1st agreed to pay the damaged party one-half of its coverage, and the insurer on March 1st breached its agreement of February 1st with the damaged party by refusing to pay him one-half of its coverage, the damaged party could not then successfully bring suit on April 1st directly against the uninsured motorist carrier seeking the full value of his damages (which he now says exceed the full coverage limits) on the ground that the defendant-insurer had waived the requirement of obtaining

judgment against the tortfeasor by the agreement of February 1st, which was to pay him one-half of the coverage. The only cause of action that the damaged party could possibly have in such a situation would be for breach of contract to pay him one-half of the insurer's coverage. All of the foregoing hypothetical facts obviously occurred within the period of the statute of limitation, and the damaged party could still bring an action against the tortfeasor for the full amount of the damages incurred, but he could not bring an action directly against the insurer for the full amount of the damages incurred. The insurer may have breached its agreement, but it did not waive its right to insist upon the condition precedent, obtaining a judgment against the tortfeasor, before being sued directly.

In the case at bar the damaged party brought his action within the period of the statute of limitation directly against the insurer for the full value of the damages that he had sustained. This he can not do. The damaged party here could have sued the insurer for breach of its contract to pay him five thousand ($5,000) dollars in settlement of his claim, but this the damaged party did not do.

The insurer has not waived the statutory requirement that judgment be first obtained against the tortfeasor in this uninsured motorist case; the insurer may or may not have breached its alleged agreement to pay the damaged party five thousand ($5,000) dollars for his damages—that is a question of fact; the damaged party can not successfully bring a direct action against the insurer for the full amount of his damages which were inflicted by the tortfeasor without first obtaining judgment against the tortfeasor; and it is my opinion that the trial court erred in not granting summary judgment for the insurer, and the Court of Appeals committed error in affirming the trial court's judgment.

I would reverse the judgment. I respectfully dissent.

I am authorized to state that Justice Hawes joins me in this dissent.