PEARSON, Judge.
American Home Assurance Company filed a complaint for declaratory judgment against its policyholders, Frank Curtis and Susan Curtis. In the complaint, it was alleged that the company had a present, actual controversy concerning its rights because the defendants had entered into a settlement with the tortfeasors. The complaint set out that Susan Curtis was injured in a North Carolina automobile accident and that the plaintiff insurance company had an automobile liability insurance policy in effect which provided $10,000 uninsured motorist coverage to Susan Curtis. It was then alleged that after an arbitration demand on the uninsured motorist provision of the policy, Frank and Susan Curtis had settled their personal injury claim against the tortfeasors and the tortfeasors’ insurer. The plaintiff then alleged a doubt concerning its rights and responsibilities under its policy with regard to its obligation to continue the arbitration. The cause came on before the trial court and after the taking of testimony, the court entered an order dismissing the complaint but, at the same *642 time, directing the parties to proceed with arbitration, allowing the arbitrators to determine both liability and damages.
We think that it should again be pointed out that it is not proper to dismiss a suit for a declaratory judgment and at the same time enter a declaratory judgment. See 7200 Corporation v. Town of Medley, 340 So.2d 1281 (Fla. 3d DCA 1977). In the present instance, we will proceed as the parties and the court have proceeded to interpret the judgment rendered as one for the defendant holding that uninsured motorist coverage existed.
The evidence before the trial court shows conclusively that the defendants, Frank and Susan Curtis, entered into a settlement agreement with the tortfeasors’ insurance company and that the amount of that settlement exceeded the $10,000 uninsured motorist coverage of plaintiff’s policy. While the evidence is not clear that the tortfeasors’ insurance company first denied coverage, it is argued that such a denial can be found in this record and that it places the injured party in the position of being entitled to proceed for uninsured motorist coverage under the rule stated in Unijax, Inc. v. Factory Insurance Association, 328 So.2d 448 (Fla. 1st DCA 1976).
We find the argument wholly unpersuasive and we hold that this case is governed by Sena v. State Farm Mutual Automobile Insurance Company, 305 So.2d 243 (Fla. 3d DCA 1974), and cases therein cited, wherein this court held:
“We find the decisive issue in the case to be whether an insured is entitled to uninsured motorist benefits under his insurance policy, when he has entered into a settlement with, and executes a release in favor of a person who may be liable for the insured’s injuries, in violation of the terms of the policy including the insured’s right of subrogation. Florida cases clearly answer this question in the negative.” ******
The judgment appealed is reversed and the cause is remanded with directions to enter a judgment for the American Home Assurance Company in accordance with the views herein expressed.
Reversed and remanded.