400 So.2d 476 (1981)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Corporation, Appellant,
v.
Nancy Crews SUTTON, As Widow of Joseph Sutton, Jr., Appellee.
No. 79-320.
District Court of Appeal of Florida, Fifth District.
May 6, 1981.
Rehearing Denied July 23, 1981.
*477 Ronald L. Harrop and W. Marvin Hardy, III, of Gurney, Gurney & Handley, P.A., Orlando, for appellant.
Dennis J. Wall of Rumberger, Kirk & Caldwell, Orlando, for appellee.
SHARP, Judge.
Government Employees Insurance Company (GEICO) appeals from a judgment of the circuit court that Nancy Crews Sutton has the right to require GEICO to arbitrate uninsured motorist benefits under its policy which insured Joseph Sutton, Jr., Nancy's deceased husband. GEICO claims recovery under its policy is barred because Nancy Sutton entered into a settlement with and gave a complete release to an insured joint tort-feasor, and its liability insurer, without obtaining in advance the written consent of GEICO. We agree that under the circumstances of this case, Sutton's claim is barred, and the judgment appealed is therefore reversed.[1]
The parties submitted a Joint Statement of Agreed Case which summarized all of the ultimate facts they agreed were necessary for the court's determination of this suit. At approximately 8:00 P.M. on November 1, 1971, Joseph Sutton, Jr. died as a result of injuries he received in an automobile accident involving his car, a Renault, and a Cadillac owned by Amick Construction Company, which was driven Richard Amick. The Amick vehicle was traveling west in the west-bound lane of a 2-lane highway, when it pulled out into the east-bound lane and collided with Sutton. At the time of the accident another vehicle, owned by George Roberts, was stopped in the west-bound lane, without any lights. Amick apparently had to pull into the east-bound lane to avoid hitting Roberts' car.
The Roberts car was not insured. The Amick vehicle had liability coverage of $1,000,000 with Aetna Casualty & Surety Company. Sutton had uninsured motorist coverage of an undisclosed amount with GEICO.
Sutton's widow filed suit against Richard Amick, Amick Construction Company, and Aetna. That action was settled for $185,000.00 and it was dismissed with prejudice. Nancy also gave Aetna and the Amicks a release of all claims she might have against them. She then made a claim against GEICO on the ground that the provable damages exceeded $185,000.00, and her children's damages exceeded $250,000.00. GEICO claimed her damages did not exceed $185,000, and it denied coverage because of her settlement with Aetna and the Amick defendants.
Sutton's insurance policy with GEICO contained the following exclusionary provision with respect to uninsured motorist coverage:

*478 Exclusions: This policy does not apply under Part IV: (a) to bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this policy shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor; ... .
The "Trust Agreement" provisions of Part IV also provided that if GEICO made any payments pursuant to uninsured motorist coverage, it would be entitled to recover its payments out of any settlement or judgment with the tortfeasor.[2] The fundamental issue in this case is whether the "exclusion" in the uninsured motorist endorsement, barring recovery where the insured settles his claim against a tortfeasor other than the uninsured motorist, is valid and enforceable.
In other jurisdictions where the insured is injured by both an insured and an uninsured tortfeasor, there is a split of authority as to whether settlement with the insured tortfeasor bars recovery of uninsured motorist benefits. Annot., 25 A.L.R.3d 1275, 1287 (1969). Some courts have held that if the exclusion is applied to a settlement with an insured tortfeasor, it would violate the state's statutory requirements with regard to uninsured motorist coverage and, therefore, the exclusion only applies if the insured settles with the uninsured motorist.[3] Other courts hold that settlements with either the insured tortfeasor or the uninsured tortfeasor in violation of the exclusion will bar coverage.[4]
Absent a statute which alters the rules applicable to the enforceability of such exclusions,[5] there appears to be no logical basis to distinguish between an unauthorized settlement with an uninsured motorist tortfeasor and an unauthorized settlement with an insured joint tortfeasor or his liability carrier. In both situations the uninsured motorist carrier or insurer has subrogation rights against the party released,[6] and in both situations the uninsured motorist carrier is potentially liable for the excess over the amount received from the liability carrier or the tortfeasor.[7]
This case is different than the three-car accident involved in Volkswagen Insurance Company v. Taylor, 201 So.2d 624 (Fla. 1st DCA 1967) because in that case there were two separate accidents caused by two tortfeasors. The injuries and damage to the plaintiff were apparently unrelated and distinguishable. *479 In this case the uninsured motorist, Roberts, either was totally uninvolved in the accident, or he was a joint-tortfeasor. He could not have been an "unrelated," independent tortfeasor because there was only one collision between two cars.
In the context of an unauthorized settlement with the uninsured motorist tortfeasor, Florida courts enforce the plain meaning of the exclusions in uninsured motorist coverage. American Home Assurance Company v. Curtis, 367 So.2d 641 (Fla. 3d DCA 1979); Travelers Insurance Company v. Gray, 360 So.2d 16 (Fla. 3d DCA 1978); Sena v. State Farm Mutual Automobile Insurance Company, 305 So.2d 243 (Fla. 3d DCA 1974); McInnis v. State Farm Mutual Automobile Insurance Company, 208 So.2d 481 (Fla. 4th DCA 1968). Enforcement of the consent to settlement clause does not violate the statutory provisions of Florida's uninsured motorist coverage in that context. Travelers Insurance Company v. Gray, 360 So.2d 16 (Fla. 3d DCA 1978). We do not perceive any reason to find a violation of the statute or of public policy merely because the settlement was with an insured joint tortfeasor rather than with an uninsured sole tortfeasor.
Analogous to the uninsured sole tortfeasor situation, the enforcement of the exclusion when settlement is with an insured joint tortfeasor does not always follow. The insurance carrier may waive the benefits of the exclusion through inequitable conduct.[8] The insured may show such a breach of the "consent-to-settlement" clause did not in fact prejudice the uninsured motorist carrier[9] and the insured may show the uninsured motorist carrier breached its own policy by refusing to honor the claim.[10] However the stipulated facts in this case posit no basis upon which to refuse to enforce the exclusion. The judgment is therefore
REVERSED.
ORFINGER, J., concurs specially with opinion.
BAKER, JOSEPH P., Associate Judge, dissents with opinion.
ORFINGER, Judge, concurring:
I concur with the opinion written by Judge Sharp. We are bound by the determination that the UMI carrier has enforceable subrogation rights under its policy,[1] and there are numerous decisions in Florida upholding the validity of the "consent to settlement" provision under the uninsured motorist coverage provision of the insurance policy.[2] Some of the cases reported in 25 A.L.R.3d 1275 which refuse to enforce this provision do not recognize its validity even where there is only one tort-feasor involved.[3] Since Florida cases recognize the validity of the "consent to settlement" provision where there is only one tort feasor (either uninsured or underinsured), it does not seem logical to apply a different rule where, as here, there is an insured tort-feasor and an uninsured tort feasor, and the unconsented to settlement is made with the one who is insured. The same policy provision comes into play and the same rights are involved. If we recognize the one, we must recognize the other.
BAKER, JOSEPH P., Associate Judge, dissenting.
Purchase of uninsured motorist coverage is an exercise of the reflexive golden rule: *480 Do unto thyself as thou would have others do unto thee. When someone purchases uninsured motorist coverage as a part of his own insurance policy, it is intended to provide for himself public liability insurance to pay his own damages as against a tort-feasor who has neglected to buy such a policy.
GEICO's uninsured motorist coverage for Sutton is, then, intended to put GEICO in the position of providing public liability coverage of Roberts, as one of the alleged tort-feasors, for the benefit of Sutton. If GEICO had insured Roberts, it could not limit its public liability exposure by an exclusion of the sort asserted by GEICO against Sutton. GEICO was required by § 627.727, Fla. Stat. (1971) to provide Sutton with insurance coverage for damages caused Sutton by an uninsured motorist. GEICO's policy purported to provide such coverage, but the exclusion quoted in the majority opinion has the effect of taking away coverage for part of Sutton's damages.
If GEICO had insured Roberts, it would have no contribution claim against Amick or Aetna. (The Uniform Contribution Among Tort-Feasors Act, § 768.31, Fla. Stat. (1975) was passed after this accident.) GEICO has a setoff claim that it may assert to prevent its insured (Sutton) from recovering any amount in excess of total damages, whatever they are determined to be. International Sales-Rentals Leasing Co. v. Nearhoff, 263 So.2d 569 (Fla. 1972). On the stipulated facts the damages recoverable be Mrs. Sutton exceed the settlement amount reached with Amick and Aetna.
For these reasons the order of the trial court denying GEICO's suit for declaratory decree and injunction should be affirmed.
NOTES
[1] We note parenthetically that this suit began with GEICO seeking a declaratory judgment that it had no duty to arbitrate with Sutton, and asking the court to enjoin the arbitration proceeding. Sutton sought no affirmative relief. The judgment appealed from declared that Sutton had the right to arbitrate with GEICO. Technically it is not proper to refuse to enter a declaratory judgment for one party, and at the same time enter a declaratory judgment for the other party who has not sought such relief. American Home Assurance Co. v. Curtis, 367 So.2d 641 (Fla. 3d DCA 1979).
[2] Trust Agreement: In the event of payment to any person under this Part: (a) the company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made; (b) such person shall hold in trust for the benefit of the company all rights to recovery which he shall have against such other person or organization because of the damages which are the subject of claim made under this Part: (c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights; ...
[3] Gulf American Fire & Cas. Co. v. McNeal, 115 Ga. App. 286, 154 S.E.2d 411 (1967); Michigan Mut. Liab. Co. v. Karsten, 13 Mich. App. 46, 163 N.W.2d 670 (1968); Harthcock v. State Farm Mut. Auto. Ins. Co., 248 So.2d 456 (Miss. 1971); Alabama Farm Bureau Mut. Cas. Ins. Co. v. Clem, 49 Ala.App. 457, 273 So.2d 218 (1973); Rhault v. Tsagarakos, 361 F. Supp. 202 (D.Vt. 1973); Government Employees Ins. Co. v. Shara, 137 N.J. Super. 142, 348 A.2d 212 (1975); Hawaiian Ins. Co. & Guaranty Co. v. Mead, 14 Wash. App. 43, 538 P.2d 865 (1975); Hebert v. Green, 311 So.2d 223 (La. 1975); Lebs v. State Farm Mut. Auto. Ins. Co., 568 S.W.2d 592 (Mo. App. 1978).
[4] Portillo v. Farmers Ins. Exch., 238 Cal. App.2d 58, 47 Cal. Rptr. 450 (1965); Kisling v. M.F.A. Mut. Ins. Co., 399 S.W.2d 245 (Mo. App. 1966); Charest v. Union Mut. Ins. Co., 113 N.H. 683, 313 A.2d 407 (1973); Tuthill v. State Farm Ins. Co., 19 Ill. App.3d 491, 311 N.E.2d 770 (1974); Aetna Cas. & Sur. Co. v. Poirier, 371 Mass. 257, 356 N.E.2d 452 (1976); State Farm Mut. Auto. Ins. Co. v. Ford, 537 S.W.2d 138 (Tex.Civ.App. 14th Dist. 1976), rev'd 550 S.W.2d 663 (Tex. 1977) [on ground that insurer waived its right to consent before its insured could settle with another insurance carrier].
[5] See § 627.727(6), Fla. Stat. (1979).
[6] International Sales-Rentals Leasing Co. v. Nearhoof, 263 So.2d 569 (Fla. 1972).
[7] Jones v. Travelers Indem. Co. of R.I., 368 So.2d 1289 (Fla. 1979).
[8] See Travelers Ins. Co. v. Gray, 360 So.2d 16 (Fla. 3d DCA 1978); Tuthill v. State Farm Ins. Co., 19 Ill. App.3d 491, 311 N.E.2d 770 (1974).
[9] See Johnson v. Home Indem. Co., 377 So.2d 40 (Fla. 1st DCA 1979); McInnis v. State Farm Mut. Auto. Ins. Co., 208 So.2d 481 (Fla. 4th DCA 1968); Kaplan v. Phoenix of Hartford Ins. Co., 215 So.2d 893 (Fla. 3d DCA 1968).
[10] Aristonico Infante v. Preferred Risk Mut. Ins. Co., 364 So.2d 874 (Fla. 3d DCA 1978).
[1] International Sales-Rentals Leasing Co. v. Nearhoof, 263 So.2d 569 (Fla. 1972).
[2] E.g. Travelers Insurance Co. v. Gray, 360 So.2d 16 (Fla. 3d DCA 1978).
[3] See, e.g., Gulf American Fire and Casualty Co. v. McNeal, 115 Ga. App. 286, 154 S.E.2d 411 (1967).