90 N.J. Super. 454 (1966)
217 A.2d 916
AMELIA PORAY AND JAMES FOY, PLAINTIFFS,
v.
ROYAL GLOBE INSURANCE COMPANY, A CORPORATION, AND UNSATISFIED CLAIM AND JUDGMENT FUND BOARD, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided March 16, 1966.
*456 Mr. John Jay Mangini for plaintiff Amelia Poray (Messrs. Campbell, Mangini, Foley & Lee, attorneys).
Mr. James Foy  no appearance.
Mr. Frank A. Paglianite for defendant Royal Globe Insurance Company.
Mr. George R. Jackson for defendant Unsatisfied Claim and Judgment Fund Board (Messrs. Kristeller, Zucker, Lowenstein & Cohen, attorneys).
SMITH, J.C.C. (temporarily assigned).
This matter is before the court at the suit of plaintiffs for a declaratory judgment and is submitted on stipulation. Plaintiff James Foy failed to appear either personally or by counsel when the matter was set down for trial. As will appear hereafter, Foy is not an indispensable party and the issue may be resolved in spite of his nonappearance.
*457 On July 4, 1962 Poray was operating a vehicle owned by Vicki Zarilli when it was in a collision with a vehicle driven by Foy. Vicki Zarilli was killed in the collision and Poray and Foy were injured. The Zarilli vehicle was insured by Royal Globe Insurance Company and the policy extended coverage to Poray under the omnibus clause. As a result of the death arising out of the collision Poray was required to post bail at a cost of $85.50. Following the collision Foy instituted a suit against Poray and Zarilli, and later Poray filed a suit against Foy, who was uninsured at the time of the accident.
On July 19, 1962 Mr. Gormley, of Royal Globe, advised Poray's attorneys that Royal Globe would pay Poray's bail bond premium of $85.50. On July 27, 1962 a representative of Royal Globe obtained a signed statement from Poray relative to the collision. On August 3, 1962 the summons and complaint served upon Poray in Foy v. Poray was forwarded to Royal Globe to undertake the defense of Poray, as provided by the policy. On August 24, 1962 a representative of Royal Globe sent answers to interrogatories for Poray to sign. On November 7, 1962 Poray's attorneys requested Royal Globe to provide it with a copy of Poray's statement about the accident previously given to them, and at the same time advised Royal Globe that a complaint was being filed on behalf of Poray against Foy. On December 12, 1962 Royal Globe, by its attorneys, consented to an order of consolidation of the Foy v. Poray and Poray v. Foy suits. On January 26 and March 23, 1963 the deposition of Poray was taken and Royal Globe by its attorney appeared and participated. Thereafter, on June 14, 1963 Royal Globe appeared by its attorney and participated in the pretrial conference of the consolidated actions.
On December 27, 1963 Poray's attorneys by telephone asked Mr. Gormley of Royal Globe to advise them if the Zarilli policy contained uninsured motorist coverage. He replied he did not know but would advise the following week. Upon his failure to inform Poray's attorneys they again telephoned *458 him on January 3, 1964, at which time Gormley said he would forward a copy of the policy, but this was not done.
Subsequently Poray and Foy (the uninsured motorist), by their attorneys, filed a complaint against Royal Globe and the Unsatisfied Claim and Judgment Fund Board in an effort to make discovery of the Zarilli policy and to extend coverage to Foy on the Poray claim. Finally, on May 23, 1964, more than five months after Royal Globe agreed to furnish a copy of the policy and after the institution of this action, Royal Globe's attorney forwarded a copy of the policy to Foy's attorney, who provided a copy to Poray's attorney. On July 9, 1964 Poray's attorney served interrogatories upon Royal Globe in which they sought to ascertain the grounds of Royal Globe's denial set forth in the answer in this action, and also whether Royal Globe's consent was given for the action brought by Poray against Foy and whether Royal Globe demanded arbitration. Royal Globe failed to answer the interrogatories within the time provided under the Rules.
On October 21, 1964 the consolidated actions of Foy and Poray were reached for trial (Royal Globe appeared in defense of Zarilli) and a jury returned a verdict in Poray's favor in the amount of $4,000 and costs, and a no cause for action on the Foy complaint. After the judgment in Poray's favor Royal Globe, on November 24, 1964, finally answered the interrogatories propounded in this action after Poray's attorneys had made a written demand on Royal Globe on November 18 to pay the judgment together with the bail bond premium of $85.50 and medical payments in the amount of $1,091.40. Royal Globe refused to pay any of the amounts and made no offers of settlement.
Royal Globe's position is that although the policy afforded protection against uninsured drivers such as Foy, Poray failed to comply with certain conditions precedent, including arbitration as the policy required; that Poray failed to obtain Royal Globe's consent in writing before institution of the Poray v. Foy suit as provided by the policy, and further, that Poray failed to comply with all other conditions precedent to *459 the policy, especially notice, assistance and cooperation of the insured, action against company, medical reports (relating to medical payment provisions, Part II, Section VII), proof and payment of claim and proof of claim, and medical reports (relating to uninsured motorist provisions, Part IV, Section IX). The arbitration provision as to protection against uninsured motorists appears in Part IV of the policy, Coverage J. It reads as follows:
"Arbitration. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this part, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree and consider itself bound and to be bound by any award made by the arbitrators pursuant to this part." (Emphasis added)
It should be noted that the provision by implication requires negotiation between the parties, and if they do not agree as to the liability or the amount of damages, "then upon written demand of either" the matter or matters shall be settled by arbitration. This obviously puts the power to call for arbitration in either Poray or Royal Globe, and neither made such a written demand even at this late date.
Since Vicki Zarilli was a New York resident and the policy was issued to her there, the insurance contract is to be viewed in the light of the law of New York, but as will appear hereafter it makes no difference whether it is viewed by the law of New York or New Jersey. It would appear that the New Jersey statute authorizing arbitration (N.J.S. 2A:24-1 et seq.) is similar to that in the State of New York. McKeeby v. Arthur, 7 N.J. 174, 182 (1951). The statute permits parties by contract in writing to submit controversies arising out of contracts or otherwise to arbitration. It also provides that where one of the parties to the arbitration agreement is *460 aggrieved by the "failure, neglect or refusal of another to perform under a written agreement" so providing, the Superior Court or the County Court of the county where either party resides may in a summary action direct arbitration to proceed in the manner provided by the agreement. N.J.S. 2A:24-3. The statute further provides that if an action is brought in any court upon an issue arising out of such an agreement, the court, upon being satisfied that the issue is referable to arbitration, shall stay the action "if the applicant for the stay is not in default in proceeding with the arbitration." N.J.S. 2A:24-4.
Arbitration statutes were enacted to expedite and facilitate the settlement of disputes and overcome the delay caused by litigation, but were not intended to be used as a means of furthering and extending the delay. The statute specifically authorizes the courts to grant a stay where actions are instituted in violation of the arbitration agreement, but this was not intended to help a party who had intentionally waived or abandoned the arbitration agreement and had chosen another remedy provided by law. Zimmerman v. Cohen, 236 N.Y. 15, 139 N.E. 764, 766 (N.Y. Ct. App. 1923). There is nothing under the New York or New Jersey law which prevents abandonment or waiver by agreement or action of the parties, Ibid., 139 N.E., at p. 765, and this may be accomplished by the parties expressly or by implication. McKeeby v. Arthur, supra, 7 N.J., at p. 181.
"Waiver is the voluntary and intentional relinquishment of a known right, operative unilaterally and without regard to reliance by others." Merchants Indemnity Corp. of New York v. Eggleston, 68 N.J. Super. 235, 253 (App. Div. 1961), affirmed 37 N.J. 114 (1962). "The intention to waive need not be stated expressly, but may be spelled out from a state of facts exhibiting full knowledge of circumstances producing a right and continuing indifference to the exercise of that right." Ibid., 68 N.J. Super., at p. 254.
The stipulation here discloses that early in the Poray v. Foy action Royal Globe's attorney orally suggested to Poray's *461 attorney that the matter should proceed to arbitration. Obviously, Royal Globe was early on notice that Poray was by-passing arbitration. Royal Globe failed, however, to exercise its right to demand arbitration under the policy or to seek relief under the statute. Moreover, Royal Globe failed to take any positive position regarding arbitration before Poray finally obtained judgment. Poray's direct interrogatory as to whether Royal Globe sought arbitration was not answered until after the entry of Poray's judgment. This was almost two years after Royal Globe first had notice that Poray was filing an action against Foy. Consequently, Royal Globe's conduct constituted continuing indifference of its right to demand arbitration under the provisions of the policy and is a waiver of that right. Merchants Indemnity Corp. v. Eggleston, supra.
The question remains whether Poray's failure to obtain Royal Globe's written consent prevents recovery from Royal Globe of Poray's judgment against Foy. The provision of the policy is as follows:
"No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company."
On November 7, 1962 Poray's attorneys advised Royal Globe that they were about to file an action against Foy. At that time neither Poray nor her attorneys were aware of the "written consent" provision in the policy. After the suit was filed Royal Globe consented to the consolidation of the two negligence suits and also participated in the trial. It failed to take any positive action respecting the "written consent" provision during the period of almost two years. Before the Poray judgment was entered Royal Globe was asked in this suit if it consented to the negligence action but made no reply until after the entry of judgment. Royal Globe had a right to *462 withhold consent, but not unreasonably or arbitrarily. The stipulation of facts here is devoid of any reason whatsoever for its refusal to grant its "written consent." It would appear from the facts that Royal Globe arbitrarily seeks to withhold its written consent for the sole purpose of forcing Poray to submit to arbitration although it, as heretofore stated, never sought to invoke its rights to arbitrate under the policy or with the help of the statute.
No New York or New Jersey authorities have been cited to the court respecting the "written consent" provision. However, in Levy v. American Automobile Insurance Co., 31 Ill. App.2d 157, 175 N.E.2d 607 (Ill. App. Ct. 1961), the court had before it an arbitration clause respecting uninsured coverage almost identical in language, except there the insured alone had the power, upon written demand, to call for arbitration, whereas here the insured or the insurer has the power to call for arbitration. In Levy plaintiff, without giving notice for arbitration, instituted a direct law action against the uninsured motorist without first obtaining the written consent of the insurance company, and the question there was whether such action prevented recovery under the policy provisions. There were some negotiations between plaintiff and the insurance company which broke down and the insurance company's representative said he wanted the matter submitted to arbitration, which plaintiff refused to do. It was held that defendant insurance company had no right to demand arbitration, and to enforce its right to require "written consent" would in effect force plaintiff to submit the controversy to arbitration. It was further held that defendant insurance company's position was unsupportable, for its conduct would prevent the performance of a condition of its own promissory duty, which is the payment of legally ascertained claims. The court applied the rule that
"* * * `one who unjustly prevents the performance or the happening of a condition of his own promissory duty thereby eliminates it as such a condition. He will not be permitted to take advantage of his *463 own wrong, and to escape from liability for not rendering his promised performance by preventing the happening of the condition on which it was promised.' Corbin on Contracts, Vol. 3A, section 767, p. 540."
Even though in Levy only the insured had the right to demand arbitration, whereas in the case at bar either the insured or the insurer had the right, the cases are analogous. Just as Royal Globe here had the power to demand arbitration but failed to exercise it and on the contrary by its conduct waived the right and now belatedly seeks to compel Poray to arbitrate, not in accordance with the provisions of the policy but outside the provisions  by withholding written consent  thus asserting a right not provided for in the policy nor contemplated by the parties, so in Levy the insurance company could not compel arbitration by withholding written consent since the insurance company would be accomplishing indirectly what under the policy they could not do directly, that is, compel arbitration.
As heretofore held, Royal Globe waived its right to arbitration and cannot now unreasonably and arbitrarily withhold its written consent and thus avoid its promissory duty to pay to Poray such sums as she is legally entitled to receive under the provisions of the policy against the uninsured motorist.
In the absence of specificity as to the breach of other conditions in the policy, they are deemed likewise waived by the conduct of Royal Globe.
It is admitted that Foy was an uninsured motorist within the intendment of the Unsatisfied Claim and Judgment Fund, and it is clear that the Royal Globe insurance policy extended coverage against uninsured motorists. Consequently, there being other coverage available there is no liability against the Fund. N.J.S.A. 39:6-70 (f).
Judgment will enter in favor of plaintiff Amelia Poray against defendant Royal Globe Insurance Company for the amount of her judgment of $4,000 against Foy, the uninsured motorist, together with premium on the bail bond of $85.50 and the medical payments provided in the policy of $1,091.40.