JOYCE HASTINGS, APPELLANT AND CROSS-APPELLEE, V. FIRE-MAN'S FUND AMERICAN INSURANCE COMPANY, APPELLEE AND CROSS-APPELLANT.

227 N. W. 2d 418

Filed April 3, 1975. No. 39647.

Person, Dier & Person and Terry E. Savage, for appellant.

Cronin, Shamberg & Wolf, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and NEWTON, JJ., and STUART, District Judge.

BOSLAUGH, J.

This is an action to recover under the uninsured motorist coverage of an automobile insurance policy. The plaintiff was injured in an accident on December 29, 1966, when the automobile in which she was riding was struck by an automobile owned and operated by Gene Mills, who was uninsured. At the time of the accident the plaintiff was insured under a policy issued by the defendant which provided coverage against uninsured motorists.

On December 28, 1970, the plaintiff commenced an

action against Mills to recover damages for the injuries she had sustained in the accident on December 29, 1966. On September 3, 1971, the plaintiff and her husband executed a "covenant not to levy" in favor of Mills. A consideration for the covenant was an agreement by Mills to forego active defense of the action pending against him. The covenant provided that the plaintiff and her husband would not "attach, levy, execute or commence garnishment proceedings" on any judgment against Mills as a result of the accident on December 29, 1966. On September 23, 1971, after the covenant not to levy had been filed in the District Court, judgment was entered in favor of the plaintiff and against Mills in the amount of $5,673.64.

After discussion and negotiation between the parties, the defendant agreed to pay $5,500 in settlement of the plaintiff's claim under the policy upon execution of a proof of claim and an uninsured motorist trust agreement. The policy provided that in the event of payment under the uninsured motorist coverage, the defendant was entitled to the proceeds of any settlement or judgment to the extent of the payment, that all rights of recovery should be held in trust for the benefit of the defendant, and nothing should be done after loss to prejudice the rights of recovery. It also excluded coverage if a settlement was made without the consent of the defendant. The uninsured motorist trust agreement tendered to the plaintiff contained an agreement to take action against parties legally liable for the loss and to reimburse the defendant out of any recovery against the uninsured motorist.

The plaintiff refused to execute the uninsured motorist trust agreement, but tendered a release to the defendant which was unacceptable to it. After further negotiation and discussion between the parties, the defendant offered to accept an assignment of the judgment against Mills. The assignment tendered to the plaintiff authorized the defendant to collect and enforce

payment of the judgment in the plaintiff's name. It also contained a covenant that the full amount of the judgment was unpaid and the plaintiff had done nothing to hinder the defendant from enforcing the judgment.

The plaintiff refused to execute the assignment tendered to her, but tendered a different assignment containing no covenants or recitals concerning enforcement. At about this time, the defendant's lawyers discovered the covenant not to levy had been executed and the offer of settlement was withdrawn.

The controlling issue in this case is whether the covenant not to levy, executed by the plaintiff, bars her recovery from the defendant under the policy. The trial court found that it was a valid defense.

Under the terms of the policy, the defendant was entitled to the proceeds of the judgment against Mills and the plaintiff was bound to do nothing to prejudice any right of recovery against Mills. The effect of the covenant not to levy was to render valueless the judgment against Mills in favor of the plaintiff. By the covenant not to levy the plaintiff made it impossible for her to perform the contract. The finding of the trial court that this was a valid defense to a suit under the policy was correct. See, Griffin v. Aetna Cas. & Sur. Co. (La. App.), 189 So. 2d 324; Annotation, 25 A. L. R. 3d 1275. See, also, Wells v. Hartford Acc. & Ind. Co. (Mo.), 459 S. W. 2d 253; Dairyland County Mut. Ins. Co. of Texas v. Roman (Tex.), 498 S. W. 2d 154; Kisling v. M. F. A. Mut. Ins. Co. (Mo. App.), 399 S. W. 2d 245; Charest v. Union Mut. Ins. Co. of Providence (N. H.), 313 A. 2d 407; State Farm Fire & Cas. Co. v. Rossini, 107 Ariz. 561, 490 P. 2d 567.

The plaintiff argues that breach of the policy should not be a defense because there was no showing of prejudice to the defendant. There were some statements by plaintiff's counsel in the correspondence between the parties that Mills appeared to be "judgment proof."

There is no evidence which would sustain a finding that a judgment against Mills would be worthless or that the defendant was not prejudiced by the covenant not to levy. See, Charest v. Union Mut. Ins. Co. of Providence, *supra*; Annotation, 25 A. L. R. 3d 1275. Mills was represented by able counsel in the District Court and, apparently, was unwilling to have judgment entered against him until after the covenant not to levy had been executed and filed in the District Court.

The plaintiff further argues that the defendant is barred by waiver or estoppel from relying upon breach of the policy as a defense in this action. We find nothing in the record to support a finding of waiver or estoppel as against the defendant. See Kisling v. M. F. A. Mut. Ins. Co., *supra*. Although the defendant had some notice from counsel for Mills that the plaintiff might execute a "covenant" in the suit against Mills, the defendant did nothing to encourage or suggest approval of that action.

It is unnecessary to consider the cross-appeal.

The judgment of the District Court is affirmed.

AFFIRMED.