137 N.J. Super. 142 (1975)
348 A.2d 212
GOVERNMENT EMPLOYEES INSURANCE COMPANY, A CORPORATION, PLAINTIFF,
v.
EUGENE SHARA, VERONICA SHARA, NICHOLAS MELLE AND ENRIQUE SOSA, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided October 23, 1975.
*143 Mr. Jack N. Frost for plaintiff (Messrs. Hansen, Pantages, Sellar & Zavesky, attorneys).
Mr. Richard J. Carroll for defendant Veronica Shara (Messrs. Carroll & Panepinto, attorneys).
KENTZ, J.S.C.
Defendant Veronica Shara (Shara) was the operator of a motor vehicle which became involved in an accident with another vehicle owned and operated by defendant Nicholas Melle (Melle) on or about February 6, 1974. The Melle vehicle had been cut off by a car owned and operated by defendant Enrique Sosa (Sosa). Sosa was uninsured at the time of the accident. Melle was insured, as was Shara who was covered by a policy issued by plaintiff Government Employees Insurance Company (GEICO) to defendant Eugene Shara. As a result of the said accident Shara alleged that she sustained personal injuries. She proceeded to settle her claim and collected the sum of $1,750 from Kemper Insurance Co., the insurance carrier for Melle. The settlement was without the knowledge or consent of GEICO. Shara made a claim under the uninsured motorists endorsement (UM) of the policy issued by GEICO. Pursuant to the provisions of the UM Shara demanded arbitration of her claim. GEICO contends that the claimant is not *144 entitled to arbitration for failure to comply with the provisions of the policy in that she entered into a settlement agreement with a person who may be legally liable for damages without the written consent of the insurer. GEICO seeks to restrain Shara from proceeding with arbitration and prays for a judgment declaring the rights of the parties under the UM in the policy issued to Eugene Shara.
GEICO relies on the following exclusionary provision in its policy:
This insurance does not apply: (a) to bodily injury or property damages with respect to which the insured, his legal representative or any person entitled to payment under this insurance shall, without the written consent of the company, make any settlement with any person or organization who may be legally liable therefor.[1] [Emphasis supplied]
GEICO argues that since Shara, without the written consent of GEICO, has made a settlement with Melle, a person who may be legally liable for claimant's injuries, she does not have the right to payment under the UM or the right to arbitrate the matter.
GEICO urges that the exclusion is valid and enforceable, its purpose being to prevent settlements of which the insurer is not informed and in which it is not permitted to participate despite the fact that any resulting release would probably affect its subrogation rights under the policy. As authority for the validity of the "written consent" exclusion plaintiff cites La Bove v. American Employees Ins. Co., 189 So.2d 315 (La. App. 1966); Poray v. Royal Globe Ins. Co., 90 N.J. Super. 454 (Law Div. 1966).
Shara contends that the exclusion is invalid and unenforceable because such a restriction on the right of an insured to collect payments under the UM of its own policy is *145 not authorized by the statute mandating such coverage. N.J.S.A. 17:28-1.1. The question before this court is whether the "written consent" exclusion in the UM of the policy issued by GEICO prevents Shara from proceeding to arbitration and asserting a claim for payment under the UM.
Shara maintains that this question is within the arbitration provision of the UM and therefore should be answered by the arbitrator. I do not agree. Although arbitration is the preferred forum for resolving disputes, Keppler v. Terhune, 88 N.J. Super. 455 (App. Div. 1965), the right to arbitrate is a contract right arising from the express agreement of the parties. The parties are obligated to submit to arbitration only those issues which they have specifically agreed to arbitrate. Goerke Kirch Co. v. Goerke Kirch Holding Co., 118 N.J. Eq. 1, 4 (E. & A. 1935).
The arbitration provision in the insurance contract reads as follows:

G. Arbitration.
If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle because of bodily injury or property damage to the insured, or do not agree as to the amount of payment which may be owing under this insurance, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration, which shall be conducted in accordance with the rules of the American Arbitration Association unless other means of conducting the arbitration are agreed to between the insured and the company, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this insurance.
It is clear from the language of this provision that the extent of insurance coverage is properly a question to be answered by the court and not the subject of arbitration. Selected Ricks Ins. Co. v. Schulz, 136 N.J. Super. 185 (App. Div. 1975), Traveler's Indemnity Co. v. Mongiovi, et al., 135 N.J. Super. 452 (App. Div. 1975); Vanguard Ins. Co. v. *146 Polchlopek, 18 N.Y.2d 376, 275 N.Y.S.2d 515, 222 N.E. 2d 383 (Ct. App. 1966); see generally, "What Issues Are Arbitrable Under Arbitration Provision of Uninsured Motorist Insurance," 29 A.L.R.3d 328 (1970).
Although the question now before me has not been answered by our courts,[2] it has been widely litigated in other jurisdictions. See e.g., Alabama Farm Bureau Mut. Cas. Ins. Co. v. Clem, 49 Ala. App. 457, 273 So.2d 218 (Ct. Civ. App. 1973); Rhault v. Tsagarakos, 361 F. Supp. 202 (D. Vt. 1973); Harthcock v. State Farm Mut. Auto Ins. Co., 248 So.2d 456 (Miss. Sup. Ct. 1971); Portillo v. Farmers Ins. Exchange, 238 Cal. App.2d 58, 47 Cal. Rptr. 450 (D. Ct. App. 1965). See Annotation, "Uninsured Motorist Clause ...," 25 A.L.R.3d 1275 (1969). In Poray, supra, the "written consent" exclusion was in issue but it was resolved on grounds of waiver of the exclusion by the insurer. The court in Poray implicitly assumed validity of the exclusion but did not expressly address itself to this question since it was unnecessary to do so.
The courts that have ruled upon the effectiveness of this "written consent" exclusion in the UM provision in automobile insurance policies are not in agreement.[3] One approach, as typified by La Bove, supra, views the exclusionary clause as a clear and unambiguous part of the contract between the parties which must be enforced as written. The insurance company does not want the insured entering into a settlement agreement without first having notified the insurer. The insurer would probably desire to enter into the settlement negotiations in an effort to effectuate an advantageous settlement of its own coverage. Of course, in all *147 likelihood, the insurer's subrogation rights are affected by any settlement the insured may enter.
The other approach, enunciated in Alabama Farm Bureau Mut. Cas. Ins. Co., supra, views the "written consent" exclusion as an unauthorized and unwarranted curtailment of statutorily mandated insurance coverage. The statute requiring inclusion of uninsured motorist coverage in all automobile liability policies must be construed so as to assure a person injured at the hand of an uninsured motorist that he will be able to recover up to the maximum amount of his damages, and that the insurer will not be allowed to insert provisions in its policy limiting recovery by the insured up to the limits of its policy.
This court finds the reasoning in Alabama Farm Bureau Mut. Cas. Ins. Co. persuasive.[4] The Alabama statute mandating the uninsured motorist coverage is similar to the statute in New Jersey.[5] Alabama's judicial policy in construing the exclusions engrafted on the UM coverage is in substantial compliance with the policy of New Jersey.[6]
New Jersey's policy with respect to the interpretation of legislation involving automobile insurance is "liberality in effecting the broadest protection of auto accident victims consistent with the language of the pertinent statute." Motor Club of America Ins. Co. v. Phillips, supra, 66 N.J. at 293. In Phillips our Supreme Court held invalid the standard excess-escape paragraph of the "other insurance" provisions *148 in the UM provisions of the insurance policy in question. This exclusion was held to be "repugnant to the statute and is, as applied to the facts here presented, invalid and ineffective."[7]Id. at 294.
The exclusionary clause in GEICO's policy which requires the insured's consent to any settlement with others who "may be liable" with the uninsured motorist attempts to give the insurance company complete control of the insured's right of action against all those involved in an accident, whether they be insured or uninsured. Such authority is not conferred by the statute.[8] The sanctioning of such a policy provision would frustrate the intent of the uninsured motorist statute in a situation such as the one at hand. In Harthcock v. State Farm Mut. Auto. Co., supra, it was said:
* * * Insofar as this exclusion applied to a tort-feasor other than the uninsured motorist, this provision is invalid. The insurer may not cut down on the coverage the statute requires. The statute intends to provide a source for the collection by the insured of all sums which he shall be legally entitled to recover as damages against the owner or operator of an uninsured motor vehicle. The coverage afforded by these policies is mandatory under the statute and may not be cut down by a policy exclusion. The construction placed on this provision by State Farm and Universal renders the uninsured motorists coverage conditional in that it does not apply unless the insured surrenders the right to settle with another tort-feasor. This exclusion, when applied to tort-feasors other than the uninsured motorist, is an invalid abridgement of the coverage required by the statute, and is void. [at 459-460]
This court agrees with this rationale. Insofar as the provision restricts the insured's right to compromise and settle *149 his claim against an insured motorist who might be liable to him, it is contrary to the purpose of the statute. To permit a settlement with an insured third party to work a forefeiture of legislatively prescribed insurance coverage merely because the insured failed to secure the written consent of his insurer would nullify the reason for the statute, i.e., financial responsibility to the extent of the coverage for such damage as the insured may be legally entitled to recover from the uninsured motorist. To the extent that the "written consent" exclusion disallows this result, it is invalid and ineffective on the facts as presented.
NOTES
[1] The "written consent" clause appears to be a standard endorsement in the insurance industry. See cases cited in 25 A.L.R.3d 1235, § 3(a) (b).
[2] For the history of UM insurance coverage in New Jersey, see Motor Club of America Ins. Co. v. Phillips, 66 N.J. 277, 283-285 (1974); Stanton, "Protection Against Uninsured Motorists in New Jersey," 3 Seton Hall L. Rev. 19 (1971).
[3] See the discussion in 25 A.L.R.3d 1275, supra, and cases cited therein.
[4] For similar reasoning holding the written consent exclusion invalid, see Rhault v. Tsagarakos and Harthcock v. State Farm Mut. Auto. Ins. Co., supra.
[5] Compare Code of Ala., Tit. 36, § 74(62a), with N.J.S.A. 17: 28-1.1.
[6] See McFarland v. Motor Club of America Ins. Co., 120 N.J. Super. 554, 561-563 (Ch. Div. 1972 per Francis, J.S.C.), cited with approval in Motor Club of America Ins. Co. v. Phillips, supra; see also, Safeco Ins. Co. of America v. Jones, 286 Ala. 606, 243 So.2d 736 (Sup. Ct. 1971); State Farm Mut. Auto. Ins. Co. v. Cahoon, 287 Ala. 462, 252 So.2d 619 (Sup. Ct. 1970).
[7] See also, Beek v. Ohio Cas. Ins. Co., 135 N.J. Super. 1 (App. Div. 1975), wherein a clause in automobile insurance policy excluding coverage when a named insured was operating a vehicle owned by him but not insured under the policy issued by the automobile insurer was held invalid and ineffective.
[8] We are concerned here only with a settlement agreement with an insured motorist. The exclusion in question might be valid as requiring prior written consent of the insurer where the insured seeks to settle with an uninsured motorist.