STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,

v.

Robert William FORD, Jr., et al., Appellees.

No. 1329.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 12, 1976.

Rehearing Denied June 2, 1976.

John T. Golden, Vinson, Elkins, Searls, Connally & Smith, Houston, for appellant.

Paul F. Jensen, Morgan, Dudensing & Tullis, Houston, for appellees.

COULSON, Justice.

This is an uninsured motorist case. Trial was had to the court sitting without a jury upon agreed stipulations and agreements. Judgment was entered against State Farm Mutual Automobile Insurance Company for $10,000. State Farm has brought this appeal. We reverse and render.

On October 18, 1969 Mrs. Joan Elizabeth Ford was a passenger in an automobile driven by Mrs. Shirley Harvey when the Harvey automobile was in a collision with a vehicle driven by Jeffrey Whitten. The collision resulted in Joan Ford's death. She was survived by her husband Robert W. Ford, Jr. and their three children. Jeffrey Whitten, whose negligence caused the collision, was an uninsured motorist.

At the time of the collision, the Harvey automobile was covered by a policy of automobile liability insurance issued by Gulf Insurance Company, with a standard uninsured motorist clause coverage of bodily injury limits for one person in the amount of $10,000. Robert Ford had an automobile liability policy with State Farm containing the same standard uninsured motorist coverage. Robert Ford became the legal guardian of the three surviving minor children of Joan Ford. Gulf Insurance indicated their willingness to settle for the limits of their policy with Ford and the three children. Before a settlement could be reached, a claim was filed by Amanda Hartman Kettler and Nelson Kettler, the parents of Joan Ford. Suit was filed by Robert Ford in his individual capacity and as guardian for Joan Ford's three children against Gulf Insurance and State Farm claiming benefits of the uninsured motorist provisions of each of the policies. Gulf answered and filed a cross-action and interpleader against Amanda Kettler and Nelson Kettler. Subsequently State Farm was served and an answer was filed.

Gulf paid $10,000 to the Fords and an agreed judgment was entered without participation by or consultation with State Farm. The cross-action of Gulf Insurance impleading Amanda and Nelson Kettler, who disclaimed any right to the proceeds,

was dismissed. Gulf paid $10,000 to the Fords.

The State Farm policy was a standard family automobile policy authorized by the State Board of Insurance which contained under the uninsured motorist coverage the following provision:

This policy does not apply to . . . Part IV: . . . (b) To bodily injury to an insured with respect to which such insured, his legal representative, or any person entitled to payment under this coverage, shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor.

The effect of the exclusion clause quoted above is the only question presented by this suit. If the clause is valid and applicable to these facts, then it will prevent the Fords from recovering under the State Farm policy.

The exclusionary clause has been the subject of prior litigation. The cases of *Castorena v. Employers Casualty Company*, 526 S.W.2d 680 (Tex.Civ.App.-El Paso 1975, writ ref'd n. r. e.) and *McClelland v. United Services Automobile Association*, 525 S.W.2d 271 (Tex.Civ.App.-Beaumont 1975, writ ref'd) and *Jessie v. Security Mutual Casualty Co.*, 488 S.W.2d 140 (Tex.Civ.App.-Fort Worth 1972, writ ref'd n. r. e.) and *Grissom v. Southern Farm Bureau Casualty Ins. Co.*, 476 S.W.2d 448 (Tex.Civ.App.-Waco 1972, writ ref'd n. r. e.) considered the clause, and in each case it was held that the clause was enforceable.

We are compelled to follow these decisions. The judgment of the trial court is reversed and it is rendered that the Fords take nothing.