MICHAEL WOROBEC, APPELLEE, V. STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY, APPELLANT.

263 N. W. 2d 95

Filed March 1, 1978. No. 41321.

Joseph K. Meusey of Fraser, Stryker, Veach, Vaughn, Meusey, Olson & Boyer, for appellant.

Matthews, Kelley, Cannon & Carpenter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

Both parties moved for summary judgment. The District Court sustained plaintiff's motion and entered judgment in the amount of $10,000. Defendant insurer appeals. The sole issue presented is whether plaintiff is barred from recovery because he violated the terms of his policy by an agreement that no action would be taken to enforce a judgment entered by agreement against the uninsured tort-feasor's property. We find this case to be controlled by Hastings v. Fireman's Fund American Ins. Co., 193 Neb. 417, 227 N. W. 2d 418 (1975), and reverse.

Plaintiff, Michael Worobec, was involved in an automobile accident with Thomas J. Fitzgerald. Fitzgerald's insurer denied coverage. Plaintiff filed suit against Fitzgerald in February 1974. On August 6, 1974, Fitzgerald's insurer filed a declaratory judgment action seeking a determination that Fitzgerald was not insured at the time of the accident. On September 31, 1975, judgment was entered in favor of

the insurer against Fitzgerald. On February 11, 1975, plaintiff Worobec, Fitzgerald, and Fitzgerald's insurer entered into an agreement whereby judgment would be entered against Fitzgerald in the amount of $10,000.

The settlement agreement, so far as material herein, provided: ''(b) Notwithstanding the entry of said Judgment, Michael Worobec, for himself, his heirs, successors and assigns, hereby agrees that no action will be taken to enforce said Judgment against the property of Defendant Thomas J. Fitzgerald, whether that now owned or hereafter acquired, except to the extent that liability insurance coverage is afforded under the insurance policy more particularly described in the declaratory judgment suit described in paragraph 2. above or as coverage may be hereafter afforded by uninsured motorist coverage, if any, under any policy of liability insurance covering Michael Worobec.

''(c) The Judgment attached hereto shall not constitute a lien against any real property now owned or hereafter acquired by Thomas J. Fitzgerald and the execution of this Agreement constitutes a waiver of any such lien.

''(d) In the event that Michael Worobec, or any other person, firm or corporation shall attempt to enforce the proposed Judgment against the property of Thomas J. Fitzgerald, whether that now owned or hereafter acquired, Thomas J. Fitzgerald shall be authorized, and is hereby authorized, to file this Agreement in the Office of the Clerk of the Court wherein the attempt is then being made to enforce said Judgment and Michael Worobec agrees to hold Thomas J. Fitzgerald harmless of and from any and all costs and expenses arising out of any such attempt.

''(e) Nothing herein contained shall be construed as a limitation upon the enforceability of the Judgment attached hereto, when entered, against either

or both of the insurance carriers above described."

Worobec's insurance policy contained the following provisions: "This insurance (uninsured motorist coverage) does not apply: (a) To bodily injury to an insured * * * with respect to which such insured, his legal representative * * * shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor: * * *.

"4. Subrogation. Upon payment under this policy, except under coverages C, M, S and T, the company shall be subrogated to all the insured's rights of recovery therefor and the insured shall do whatever is necessary to secure such rights and do nothing to prejudice them." (Uninsured motorist coverage is coverage U.)

Worobec's policy excluded coverage for unauthorized settlements only. Worobec agreed not to enter into any settlement without State Farm's consent. This agreement was plainly evident on the face of the policy and was written in unambiguous terms. Worobec, who had the advise of counsel, failed to obtain the consent of State Farm to the settlement agreement which did not preserve any of State Farm's rights against Fitzgerald.

Hastings v. Fireman's Fund American Ins. Co., 193 Neb. 417, 227 N. W. 2d 418 (1975), involved a very similar factual situation. The insured in that case commenced an action against an uninsured tortfeasor to recover damages for personal injuries sustained in an automobile accident. The tort-feasor agreed to forego an active defense in consideration of the insured's covenant not to levy against his property. Judgment was entered and the insured made a claim under the uninsured motorist's coverage of her insurance policy. The policy contained provisions identical to those involved herein. This court held the insured was barred from recovery, stating: "Under the terms of the policy, the defend-

ant was entitled to the proceeds of the judgment against Mills and the plaintiff was bound to do nothing to prejudice any right of recovery against Mills. The effect of the covenant not to levy was to render valueless the judgment against Mills in favor of the plaintiff. By the covenant not to levy the plaintiff made it impossible for her to perform the contract. The finding of the trial court that this was a valid defense to a suit under the policy was correct.''

Worobec concedes State Farm did not have notice of the agreement. It did have knowledge, however, of the Worobec action against Fitzgerald. Worobec contends State Farm could have intervened in that action. Because it failed to do so, Worobec argues State Farm is bound by the judgment. This is not the issue herein. The issue is whether Worobec's agreement with Fitzgerald not to execute on his personal property violates the terms of Worobec's insurance policy and relieves State Farm from liability.

Worobec further argues the exception in paragraph 4 (b) of the agreement protects the rights of State Farm. We do not so construe it. The exception is as follows: '' * * * except to the extent that liability insurance coverage is afforded under the insurance policy more particularly described in the declaratory judgment suit described in Paragraph 2. above or as coverage may be hereafter afforded by uninsured motorist coverage, if any, under any policy of liability insurance covering Michael Worobec.''

As we interpret this reservation in context, it attempts to protect only the rights of Worobec and Fitzgerald, not those of their respective insurers. Fitzgerald is not a party to this action, and is not bound by any construction of the agreement made in this action.

Worobec also impliedly argues State Farm is protected by paragraph 4 (e) which provides: ''Nothing

herein contained shall be construed as a limitation upon the enforceability of the Judgment attached hereto, when entered, against either or both of the insurance carriers above described." If we correctly interpret this reservation, it merely protects the rights of Worobec and Fitzgerald against their respective insurance carriers. It does not in any way protect the rights of State Farm. We realize the trial court concluded otherwise, but the agreement would be meaningless if his interpretation is correct. The language "against either or both of the insurance carriers" construed in context means enforceability *against* the insurance carriers, *not by them.*

We concede the language of paragraph 4 (e) of the agreement, coupled with language of the policy, indicates an attempt by Worobec to preserve his rights of recovery under his own uninsured motorist coverage, despite his agreement with Fitzgerald not to levy on Fitzgerald's property. The problem is, his agreement made without the consent of State Farm violates the express terms of the policy.

As we construe the agreement, there is nothing in it which would preserve State Farm's right of subrogation against Fitzgerald. The agreement prevents any levy on or recovery against Fitzgerald's property. The agreement is made binding on Worobec, his successors, or assigns. A covenant not to levy given to the tort-feasor by the insured destroys and prejudices the insurer's rights of subrogation against the tort-feasor. Stetina v. State Farm Mut. Auto. Ins. Co., 196 Neb. 441, 243 N. W. 2d 341 (1976).

We find no essential difference between this case and Hastings v. Fireman's Fund American Ins. Co., *supra.* In both, the controlling issue is whether the covenant not to levy executed by the plaintiff bars recovery from the defendant under the policy. In Hastings, we said it did. We see no reason to deviate from that opinion on the facts herein. This policy provision was plain and unambiguous. An in-

sured should not be permitted to enter into an agreement which will in any way prejudice the rights of his own insurer. The rights of insurers can never rise higher than the rights of the insured against the tort-feasor.

The judgment of the District Court is reversed and the cause is remanded to the District Court with directions to dismiss.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.