Edward A. DRAVET and Eva M. Dravet, Appellants (Defendants Below),

v.

VERNON FIRE AND CASUALTY IN-SURANCE COMPANY, an Indiana Stock Corporation, Appellee (Plaintiff Below).

No. 4–782A218.

Court of Appeals of Indiana, Fourth District.

Sept. 28, 1983.

Walter J. Alvarez, Merrillville, for appellants.

James L. Sullivan, Valparaiso, for appellee.

YOUNG, Judge.

On October 8, 1974, a three-car collision occurred between vehicles operated by Wesley Vaughn, Jr., Charles I. Stacy, and Eva M. Dravet. On October 6, 1976, Edward A. and Eva M. Dravet filed suit against Vaughn and Stacy alleging personal injuries and property damage. After several procedural developments which are not relevant here, the Dravets and Stacy entered into a stipulation that stated the case had been settled as to Stacy and dismissed Stacy from the case. Vernon Fire and Casualty Insurance Company, which at all relevant times was the insurer of the Dravets, was notified in the summer of 1979 that Vaughn might be uninsured. Vernon some time later filed a Complaint for Declaration of Rights Under Contract of Automobile Insurance. Vernon claimed it was not liable to the Dravets for any claim submitted by them because they violated a provision of the insurance contract. The provision of the policy provided:

Exclusions: This policy does not apply under Part IV [uninsured motorist coverage]:

\* \* \* \* \* \*

(b) to bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this coverage shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor;

\* \* \* \* \* \*

The trial court found the Dravets had violated that condition in the insurance policy, and that Vernon was not liable to them for any claim arising from this accident. The Dravets appeal raising the following issues:

1. Whether the provision requiring consent to settle a claim contravenes Ind. Code 27–7–5–1 (1976); [1]

2. Whether Vernon waived its right to assert the policy exclusion; and

3. Whether the policy exclusion was applicable to the facts of this case.

We affirm.

The Dravets first contend that the policy exclusion attempts to narrow the coverage required by Ind.Code 27–7–5–1 (1976) and is therefore void. We agree with the Dravets that any limiting language in the insurance contract which dilutes or diminishes the protection required by Ind.Code 27–7–5–1 (1976) is contrary to public policy and of no force and effect. *Scalf v. Globe American Casualty Co.,* (1982) Ind.App., 442 N.E.2d 8, 10; *Indiana Insurance Co. v. Noble,* (1970) 148 Ind.App. 297, 308, 265 N.E.2d 419, 426. Ind.Code 27–7–5–1 (1976) in effect at the time of this accident, provided in part:

No automobile liability or motor vehicle liability policy or insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto, in limits for ꞌodily injury or death set forth in Acts 1947, chapter 159, sec. 14 [Ind.Code 9–2–1–15], as amended heretofore and hereafter, under policy provisions approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.

Whether the policy exclusion is in derogation of the uninsured motorist statute is a

---

1. Ind.Code 27–7–5–1 was repealed and replaced with Ind.Code 27–7–5–2, 4 and 6 by Acts 1982, P.L. 166.

question of first impression in Indiana, having been specifically left unanswered in *Spears v. Jackson,* (1980) Ind.App., 398 N.E.2d 718. The issue has been considered in other jurisdictions, however, with the courts splitting as to the result. A number of courts have held the policy exclusion diminishes the coverage of their state's uninsured motorist statute and is consequently invalid. *Rhault v. Tsagarakos,* (D.S.Vt.1973) 361 F.Supp. 202 (applying Vermont law); *Guthrie v. State Farm Mutual Automobile Insurance Co.,* (D.S.C.1968) 279 F.Supp. 837 (applying Virginia law); *Alabama Farm Bureau Mutual Casualty Insurance Co. v. Clem,* (1973) 49 Ala.App. 457, 273 So.2d 218; *Dairyland Insurance Co. v. Lopez,* (1974) 22 Ariz.App. 309, 526 P.2d 1264; *Wescott v. Allstate Insurance,* (1979) Me., 397 A.2d 156; *Harthcock v. State Farm Mutual Automobile Insurance Co.,* (1971) Miss., 248 So.2d 456; *Lebs v. State Farm Mutual Automobile Insurance Co.,* (1978) Mo.Ct. App., 568 S.W.2d 592; *Government Employees Insurance Co. v. Shara,* (1975) 137 N.J.Super. 142, 348 A.2d 212; *Hawaiian Insurance & Guaranty Co. v. Mead,* (1975) 14 Wash.App. 43, 538 P.2d 865. Other courts have held the policy exclusion does not in any way diminish the protection of the uninsured motorist statute. These courts have therefore determined the exclusion is valid. *Government Employees Insurance Co. v. Sutton,* (1981) Fla.Dist.Ct.App., 400 So.2d 476; *Tuthill v. State Farm Insurance Co.,* (1974) 19 Ill.App.3d 491, 311 N.E.2d 770; *Benson v. Farmers Insurance Co.,* (1980) 227 Kan. 833, 610 P.2d 605; *Aetna Casualty & Surety Co. v. Poirier,* (1976) 371 Mass. 257, 356 N.E.2d 452; *Worobec v. State Farm Mutual Automobile Insurance Co.,* (1978) 200 Neb. 210, 263 N.W.2d 95; *Charest v. Union Mutual Insurance Co.,* (1973) 113 N.H. 683, 313 A.2d 407; *Pickering v. American Employers Insurance Co.,* (1971) 109 R.I. 143, 282 A.2d 584; *State Farm Mutual Automobile Insurance Co. v. Ford,* (1976) Tex.Civ.App., 537 S.W.2d 138, *rev'd on other grounds,* (1977) Tex., 550 S.W.2d 663.

We are persuaded that those decisions upholding the validity of the exclusion are the better reasoned cases. Those cases recognize the requirement that the insured obtain written consent from the insurer before making a settlement with anyone who may be legally liable for the accident or forfeit coverage is designed to protect the insurer's right of subrogation. *E.g., Tuthill, supra.* The cases invalidating the exclusion provision are vague as to how the provision violates public policy. *See, e.g., Harthcock, supra.* The Dravets have, likewise, failed to explain how the exclusion violates public policy. We fail to see how the requirement that the insured get the insurer's consent before settlement diminishes the coverage of the uninsured motorist statute. Because the exclusion serves a legitimate purpose and does not diminish the protection of the uninsured motorist statute, we find the exclusion is valid.

The Dravets next claim Vernon waived its right to assert the policy exclusion by its failure to do so for over two years after it was notified that Vaughn might be uninsured. "Waiver is the intentional relinquishment of a known right." *Salem Community School Corp. v. Richman,* (1980) Ind.App., 406 N.E.2d 269, 274. Waiver is a question of fact, and the burden of proving it is upon the party claiming it. *Id.* Although Vernon may have been aware that Vaughn was uninsured, there is no evidence in the record that Vernon knew of the settlement between the Dravets and Stacy. The only indication that Vernon knew of the settlement was a statement by one of the Dravets' attorneys in oral argument to the trial court. This is not evidence. *See In re Marriage of Joachim,* (1983) Ind.App., 450 N.E.2d 121. Thus, the record is devoid of evidence that Vernon knew of the settlement. Because Vernon did not know of the violation of the policy, it did not waive its right to assert its policy exclusion.

The Dravets finally contend the policy exclusion was not applicable to the facts of this case. Specifically, they contend Stacy could in no way be held legally liable to them and therefore conclude the provision

was inapplicable. The Dravets once asserted that Stacy was legally liable. They received a settlement from Stacy relying on a claim that he was liable. Now they contend there was no way Stacy could be held liable. They cannot have it both ways. The settlement made in response to a claim of legal liability conclusively establishes Stacy as a "person ... who may be legally liable" for the accident. *Aetna Casualty & Surety Co., supra.*

Affirmed.

CONOVER, P.J., and MILLER, J., concur.